THE STATE, EX REL. HICKENLOOPER, v. BEAMAN,
AUDITOR, AND SIX OTHER CASES.

*Judges—Salaries—Increase during term of office—Cincinnati superior and municipal courts—Section 20, Article II, Constitution.*

Section 20, Article II of the Constitution of Ohio, embraces judges of the superior court of Cincinnati and judges of the municipal court of that city, and by virtue of the provisions of that section the judges of those courts in office when legislation is enacted increasing judicial salaries are not entitled to such increase during their then existing terms of office.

(Decided January 6, 1922.)

IN MANDAMUS: Court of Appeals for Hamilton county.

*Mr. Simeon M. Johnson* and *Messrs. Dinsmore, Shohl & Sawyer*, for plaintiffs.

*Mr. Louis H. Capelle*, prosecuting attorney, and *Mr. Charles S. Bell*, assistant prosecuting attorney, for defendant.

RICHARDS, J. (of the Sixth Appellate District, sitting in place of BUCHWALTER, J.) These seven cases are original actions in mandamus brought in this court to determine the right of the several plaintiffs to the increased salary provided by the general assembly in a statute enacted while the plaintiffs were incumbents of their respective offices. The plaintiffs in the first three actions are judges of the superior court of Cincinnati and the plaintiffs in the last four actions are judges of the municipal court of that city.

When the judges of the superior court were elected and entered upon the performance of their duties the salary provided by law for each of them was $3,000 per year payable out of the state treasury, and in addition thereto a further amount based upon the population of the county of Hamilton, amounting to the sum of $3,000 per year, payable out of the treasury of the county. Thereafter the general assembly amended the statute so that the portion of the compensation for each judge of the superior court payable out of the treasury of the county was increased from $3,000 per year to $4,703.66 per year.

When the judges of the municipal court of Cincinnati were elected, and entered upon the performance of their duties, the salary provided by law for each of them was $4,000 per annum, $3,000 of which was to be paid out of the treasury of the city of Cincinnati and $1,000 out of the treasury of Hamilton county. Thereafter this statute was so amended as to increase the salary of judges of the municipal court of Cincinnati to $5,500 per annum, $3,000 of which was to be paid out of the treasury of the city of Cincinnati and $2,500 out of the treasury of Hamilton county. (Section 1558-4, General Code.)

In each case the relator represents that he has presented to the defendant, as auditor, a claim for the increased salary and that the auditor refuses to draw a warrant in payment of the same.

The superior court of Cincinnati, and the municipal court of that city, were created under that article of the constitution which authorizes the general assembly to establish additional courts.

Demurrers have been filed to these several peti-

tions, thus raising the question whether Section 20, Article II, of the Constitution of Ohio, creates a barrier which prevents the plaintiffs from receiving the increased salary during the terms for which they were elected and which they were serving when the statutes were enacted increasing the salary. That section of the Constitution of Ohio reads as follows:

"The general assembly, in cases not provided for in this constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term, unless the office be abolished."

Counsel for defendant insist that by virtue of this provision of the constitution there can be no change which shall affect the salary of an officer during his existing term where the general assembly has fixed the term of office and the compensation, while counsel for the relators insist that the section applies only to offices which are expressly created by the constitution itself.

The section has been construed many times by the supreme court, the latest being in the case of *State, ex rel. Metcalfe,* v. *Donahey, Aud.,* 101 Ohio St., 490. That case involved the right of judges of the court of appeals to an increased salary provided by statute, that court being one specifically created by the constitution, and it was then insisted that the section of the constitution quoted could have no application to an office created by the constitution, but the supreme court held that the language expressly comprehends all offices. If the section did not include any offices created by the general assembly, under authority granted by the constitution, it is difficult to see why the section should contain the language "unless the office be abolished,"

for the general assembly is powerless to abolish an office created by the constitution.

In the case of *State, ex rel.,* v. *Raine, Aud.,* 49 Ohio St., 580, Section 20, Article II of the Constitution of Ohio, was held applicable to the office of county commissioner, although the office of county commissioner is created by a statute pursuant to the authority contained in Section 1, Article X of the Constitution, authorizing the general assembly to provide by law for the election of such county and township officers as may be necessary.

In *Gobrecht* v. *Cincinnati,* 51 Ohio St., 68, the language of that section of the constitution was held to be broad enough to include the office of a member of the board of legislation of the city of Cincinnati, but the prohibition of the section was not applied for the sole reason that the increased compensation allowed to the officer was not "salary" within the meaning of Section 20, Article II of the Constitution.

The section was again before the supreme court in *Donahey, Auditor,* v. *State, ex rel. Marshall,* 101 Ohio St., 473. In that case it was held that the section applies to a member of the public utilities commission and forbids his receiving, during his then term of office, the increased compensation provided by an amendment to the statute. It will be noted that the public utilities commission is a statutory board, created by Section 487, General Code.

Section 4213, General Code, relating to municipal officers, provides that the salary of any officer shall not be increased or diminished during the term for which he was elected or appointed. If, by any process of reasoning, it could be found that the relators are not debarred by the inhibition of the constitution from receiving the increased salary, during the

respective terms of office held by them when the statute fixing the increased compensation was enacted, it is difficult to see how they can get by the provisions of the section of the General Code just cited; and this is especially true of judges of the municipal court. If the legislature has power to increase the salary of a judge during his term of office it would likewise have authority to diminish the salary, and if it can diminish the salary at all it would have the power to diminish it to a nominal sum, and this would naturally and logically result in placing the judicial branch of the government under the domination of the legislative branch. The theory of our form of government is that each branch of the government, legislative, executive and judicial, should be free from the domination of any other branch.

In the unreported case State, ex rel. Milton C. Moore, v. Silver, Aud., the court of appeals, sitting in Stark county, held that a judge of the municipal court of Alliance was not entitled to the increased salary allowed a judge of that court during the term which he was then serving. The opinion of the court of appeals in that case was prepared by Patterson, Judge, and concurred in by Judges Shields and Washburn.

It seems to the court that Section 20, Article II of the Constitution of Ohio, does, by its plain terms, embrace the judges of the superior court of Cincinnati, and the municipal court judges of that city.

The demurrers will be sustained and the petitions dismissed.

*Petitions dismissed.*

HAMILTON and CUSHING, JJ., concur.